FILED

12/06/2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0332

DA 16-0332

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 321N

IN RE THE MARRIAGE OF:

JULIA M. JARDINE,
f/k/a JULIA M. SCHWARTZ,

      Petitioner and Appellee,

   and

WESLEY A. SCHWARTZ,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                In and For the County of Yellowstone, Cause No. DR 11-0029
                Honorable Gregory R. Todd, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Wesley A. Schwartz (Self-Represented), Los Angeles, California

      For Appellee:

            Kevin T. Sweeney, Attorney at Law, Billings, Montana

Submitted on Briefs:  November 10, 2016

Decided:  December 6, 2016

Filed:

                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Wesley Schwartz appeals from the District Court's Findings of Fact, Conclusions of Law and Order filed on May 23, 2016. We affirm.

¶3 Schwartz and Julia Jardine were married in 2005 and divorced in 2013. They have three children who live with Jardine, and the divorce decree provides a parenting plan and support requirements. We previously reversed Jardine's attempt to terminate Schwartz's parental rights and have her father adopt the children. *In the Matter of the Adoption of AMS, MAS and AWS*, 2016 MT 22, 382 Mont. 145, 364 P.3d 1261.

¶4 The present appeal arises from Schwartz's motions to reduce his child support obligation and to modify the parenting plan to allow him unsupervised contact with the children. The District Court set these motions for hearing and denied Schwartz's motion that he be allowed to participate by telephone. Schwartz claimed that he could not afford to travel to Montana from his home in California. The District Court denied that motion and held the hearing on the Schwartz motions. Several witnesses testified but Schwartz did not appear.

¶5  After the hearing the District Court considered the testimony along with materials submitted by Schwartz, and in addition the testimony and exhibits considered in the previous hearing. The District Court found that the evidence showed that there were no grounds for changing the child support obligation or the conditions for visitation. The District Court also found that Schwartz "continues to make sworn declarations to the Court that are utterly untrue." The District Court found that Schwartz was not a poor student as he claimed, but "lives a comfortable lifestyle in affluent West Los Angeles, California" where he lives with and is supported by his attorney. The District Court found that the testimony of the therapist who works with the children supports continuing the supervision requirements for Schwartz's contact with the children.

¶6  Schwartz appeals from the order denying his motion to appear telephonically, and from the denial of his motions to amend the prior orders regarding visitation and child support. He contends that denial of each of these motions was an abuse of discretion.

¶7  Schwartz has not demonstrated that the District Court abused its discretion in denying him leave to participate in the hearing by telephone or in denying his motions to modify prior court orders. Moreover, the District Court's findings of fact are based upon substantial evidence in the record and its conclusions of law are correct.

¶8  We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled law.

¶9  Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA

4